UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SCOTT REASTER, #583868,

        Petitioner,

v.

Case Number: 09-CV-14714
Honorable Anna Diggs Taylor

SHIRLEE HARRY,

        Respondent.
                                      /

## OPINION AND ORDER
## GRANTING PETITIONER'S MOTION TO FILE "PROTECTIVE" PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING CASE

Petitioner Robert Scott Reaster, a state inmate currently incarcerated at the Richard A. Handlon Correctional Facility in Ionia, Michigan,[1] filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. On October 20, 2005, Petitioner pleaded *nolo contendere* to first-degree criminal sexual conduct, MICH.COMP.LAWS § 750.520B1A, in the Jackson County, Michigan, circuit court. He was sentenced to twenty-five to fifty years for that conviction. Pending before the Court is Petitioner's "Motion to File 'Protective' Petition for Writ of Habeas Corpus." (Dkt. # 3.) In his *pro se* motion, Petitioner is requesting that this Court stay his habeas-corpus proceedings until he has had an opportunity to comply with the exhaustion requirements of 28 U.S.C. § 2254. Petitioner contends that he is innocent of the crime with which he was charged and convicted. He alleges that (1) his

---

[1] Petitioner was incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan, when he originally filed his habeas petition. He has since been transferred to the Richard A. Handlon Correctional Facility.

appellate counsel was ineffective in that he failed to raise various issues in his appeal of right, (2) he was denied counsel at a critical stage of the proceedings, (3) his plea was involuntary and coerced, and (4) his trial counsel was ineffective. Petitioner requests a stay so he can return to state court and exhaust those claims. For the reasons stated, the Court will grant Petitioner's motion and stay the case so that he may return to state court to exhaust.

I.

Following his no contest plea and his sentencing, Petitioner requested the appointment of appellate counsel. However, Petitioner's assigned appellate counsel missed the filing deadline for filing an application for leave to appeal[2] and instead filed a post-trial motion, requesting to withdraw the plea or, in the alternative, to correct the sentence. On December 12, 2006, Petitioner was subsequently resentenced to seventeen and one half to fifty years in prison. On August 1, 2007, Petitioner again filed a motion to withdraw his plea or vacate his sentence in the trial court. On March 21, 2008, the trial court resentenced him to fifteen to thirty years. Petitioner then filed a third motion to withdraw his plea, which was denied.

Subsequently, Petitioner filed an application for leave to appeal the trial court's March 21, 2008 decision in the Michigan Court of Appeals, which affirmed his conviction. *People v. Reaster*, No. 286928 (Mich.Ct.App. Oct. 1, 2008). Petitioner filed an application for leave to appeal the Court of Appeals' decision in the Michigan Supreme Court, which was denied on January 9, 2009. *People v. Reaster*, 483 Mich. 855, 759 N.W.2d 9 (2009). Petitioner's habeas petition was filed on December 3, 2009.

---

[2]*See People v. Maxson*, 482 Mich. 385, 759 N.W.2d 817, 827-28 (2008) (Cavanagh, J., dissenting) ("In 1994, the Michigan Constitution was amended to provide that appeal from a guilty or nolo contendere plea was 'by leave of the court.'").

2

II.

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal-habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state-court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

To satisfy the exhaustion requirement, a petitioner must present each ground to both Michigan appellate courts. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160. The Court finds that Petitioner has met his burden.

The Sixth Circuit has identified four actions that a petitioner can take which are significant to the determination of whether he has properly asserted both the factual and legal bases for his or her claim, *i.e.*, "fairly presented" that claim: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon states cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *Whiting*

*v. Burt*, 395 F.3d 602, 612 (6th Cir. 2005). General allegations of the denial of rights to a fair trial and due process do not fairly present claims that federal constitutional rights were violated. *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006).

A prisoner who has not yet exhausted his or her state court remedies may file a " 'protective' petition in federal court and ask[ ] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 409, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending the resolution of state court post-conviction proceedings, provided there is "good cause" for failure to exhaust the claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

The exhaustion requirement may be excused where there is no opportunity to obtain relief in state court, or if the process to do so is so deficient as to render futile any effort to obtain relief in state court. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). Thus, the Court must consider whether Petitioner has an avenue available for exhaustion of those unexhausted claims in state court.

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claims. Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claim. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance so the state courts will have an opportunity to decide those issues.

Here, Petitioner alleges that he is innocent and that he has discovered new unexhausted federal constitutional claims of merit; Petitioner did not present the following issues to either the Michigan Court of Appeals or the Michigan Supreme Court: (1) his appellate counsel was ineffective in that he failed to raise various issues in his appeal of right, (2) he was denied counsel at a critical stage of the proceedings, (3) his plea was involuntary and coerced, and (4) his trial counsel was ineffective. On that basis, Petitioner is requesting a stay so that he can give the state courts the first opportunity to address those claims. Petitioner asks this Court to exercise its authority and hold his habeas petition in abeyance. Having considered the matter, the Court finds that it is appropriate to stay this case.

A federal district court has discretion in "limited circumstances" to stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines*, 544 U.S. at 277. For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking federal habeas relief due to the application of the one-year statute of limitations. *Id.* 276. Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id.* at 277.

Here, the Court finds that Petitioner has shown the need for a stay. It appears that his claims are not exhausted. Although the one-year limitations period applicable to habeas actions would not pose a problem if this Court were to dismiss the petition to allow further exhaustion of state remedies, the Court nonetheless elects to stay the petition. *See* 28 U.S.C. § 2244(d)(1). Furthermore, Petitioner's claims do not appear to be "plainly meritless." *Rhines*, at 277. Petitioner

5

claims that he did not previously raise those claims in the state courts due to the ineffective assistance of appellate counsel, and there is no indication of intentional delay by Petitioner. Accordingly, the Court concludes that it has discretion to stay this case pending Petitioner's return to the state courts to fully exhaust his habeas claims.

III.

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state-court remedies as to the claims contained in this motion. Rather than dismiss the petition, the Court **GRANTS** Petitioner's request to stay proceedings and **STAYS** this action so that Petitioner can fully exhaust state-court remedies as to his newly-stated claims. The stay is conditioned on Petitioner presenting his unexhausted claims to the state courts within sixty (60) days of this order if he has not already done so. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on Petitioner's return to this Court with an amended petition, using the same caption and case number, within sixty (60) days of exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2nd Cir. 2001)). Should Petitioner fail to comply with these conditions, his case may be subject to dismissal.

The Clerk of the Court is ordered to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of Petitioner's claims.

DATED: January 28, 2010          **s/Anna Diggs Taylor**
         ANNA DIGGS TAYLOR
         UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

 The undersigned certifies that a copy of the foregoing Order was served upon Petitioner by First Class U.S. mail on January 28, 2010.

Robert Reaster, #583868
Handlon Correctional Facility
1728 Bluewater Highway
Ionia, MI 48846

                s/Johnetta M. Curry-Williams
                Case Manager