UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SCOTT REASTER,

                Petitioner,               Case Number 09-14714
                                                       Honorable Marianne O. Battani

v.

JOHN PRELESNIK,

                Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (3) DENYING PERMISSION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

      This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner was convicted after he pled no contest in the Jackson Circuit Court to one count of first-degree criminal sexual conduct. MICH. COMP. LAWS § 750.520(b)(1)(a). Petitioner is serving a 15-to-30 sentence for this conviction. The petition raises eight claims: (1) Petitioner did not receive the benefit of his plea agreement; (2) the sentencing guidelines were scored incorrectly; (3) Petitioner was entitled to withdraw his plea after discovery of new evidence of his innocence; (4) Petitioner is entitled to a merits review of his claims because he alleges a jurisdictional defect; (5) Petitioner is entitled to withdraw his plea because his polygraph examination was canceled prior to trial by the prosecutor; (6) Petitioner's plea was involuntary because the trial court told him he would receive a life sentence if convicted after a trial; (7) Petitioner was denied the effective assistance of trial counsel; (8) Petitioner was denied the effective assistance of appellate counsel.

      The petition will be denied because Petitioner's claims are without merit or barred

by his procedural defaults. The Court will also deny Petitioner a certificate of appealability and permission to proceed in forma pauperis on appeal.

## I. Background

At the preliminary examination held in the state district court, ten–year-old, RLD testified that her mother and Petitioner lived together. She testified that Petitioner touched her vagina with his hands, mouth and penis, and that he put toys in her vagina and her anus. Following the examination, Petitioner was bound over to the Jackson Circuit Court for trial.

Instead of standing trial, Petitioner pled no contest to one count of first-degree criminal sexual conduct. In exchange, three other charges were dismissed and a habitual offender charge was withdrawn. The trial court agreed that the sentence would be imposed on the "high end" of the sentencing guidelines, which were preliminarily calculated as calling for a minimum sentence between 108 and 180 months.

At the plea hearing Petitioner was advised of the trial rights he would be waiving in exchange for his plea, and he indicated his understanding and agreement. Petitioner denied that there were any promises or agreements, other than those placed on the record, made to obtain his plea. Petitioner also denied that anyone forced or coerced him to enter his plea. Petitioner indicated that he was entering the plea of his own free will. The Court found based on Petitioner's answers and body language that he was voluntarily entering the plea.

At the sentencing hearing, the guideline range was calculated at 126-to-210 months, and Petitioner was sentenced to 300-to-600 months. Petitioner, through appellate counsel, filed a motion to correct the sentence to comply with the plea bargain, and Petitioner was

2

resentenced to 210-to-600 months. Petitioner again filed a motion for resentencing, and the court resentenced Petitioner a second time to 180-to-360 months in prison.

Petitioner then filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

> I. Defendant-Appellant should be allowed to withdraw his plea because he is innocent and he was denied the effective assistance of counsel.
>
> II. Defendant-Appellant is entitled to resentencing according to properly scored guidelines.

The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." People v. Reaster, No. 286928 (Mich. Ct. App. Oct. 1, 2008). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, but it was denied by standard order on January 9, 2009. People v. Reaster, 483 Mich. 855 (2009) (table).

Petitioner then commenced the instant habeas action, raising the claims presented on direct appeal as well as additional claims that had not been presented to the state courts. Petitioner filed a motion to stay the case so that he could exhaust his new claims. On January 28, 2010, the Court granted the motion for stay.

Petitioner then filed a motion for relief from judgment in the trial court, raising his additional claims. On March 11, 2010, the trial court denied a motion for relief from judgment.

Petitioner appealed this decision to both state appellate courts, but he was denied relief under Michigan Court Rule 6.508(D). People v. Reaster, No. 302229 (Mich. Ct. App. April 14, 2011); People v. Reaster, 490 Mich. 968 (2011) (table).

Petitioner filed a motion to reopen his habeas case, and on March 26, 2012, the

Court granted the motion and ordered Respondent to file the state court record and a responsive pleading, which was filed on September 26, 2012. Petitioner filed a reply brief on October 31, 2012.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 410-11.

4

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" Renico v. Lett, 130 S. Ct. 1855, 1862 (2010)((quoting Lindh v. Murphy, 521 U.S. 320, 333, n. 7 (1997); Woodford v. Viscotti, 537 U.S. 19, 24 (2002)(per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011)(citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. Id.

"[I]f this standard is difficult to meet, that is because it was meant to be." Harrington, 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. Id. Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state

5

criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (citing Jackson v. Virginia, 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." Woodford, 537 U.S. at 24. Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 131 S. Ct. at 786-87.

III. Discussion

A. Breach of Plea Agreement

Petitioner first asserts that he is entitled to withdraw his plea because he did not receive the benefit of his plea bargain. This claim is slightly different than the one challenging his plea that he presented to the state courts during his direct appeal, which raises possible exhaustion concerns, but Respondent has chose to challenge it on the merits. See 28 U.S.C. § 2254(B)(2).

Petitioner has failed to show that there was a breach of the plea agreement. An unfulfilled state promise obtained in return for a guilty plea will entitle a habeas petitioner to habeas relief. See *Myers v. Straub*, 159 F. Supp. 2d 621, 627 (E.D. Mich. 2001). Nonetheless, a federal court sitting in habeas review should not "lightly find misrepresentation in a plea agreement." *Id*.

Having reviewed the plea transcript, the Court finds that the only agreement memorialized in the record was that Petitioner's sentence would be within the sentencing

guidelines, and in fact, the trial court indicated that the sentence would likely be on the high end of the guideline range. Petitioner's claim that he thought he would receive a sentence of 13-to-22½ years is nowhere to be found in the plea transcript. Absent extraordinary circumstances, or some other explanation as to why a defendant did not reveal other terms when specifically asked to do so by the trial court, a plea agreement consists of the terms revealed in open court, particularly where the trial court scrupulously follows the required procedure for taking the defendant's plea. Baker v. United States, 781 F. 2d 85, 90 (6th Cir. 1986); Hastings v. Yukins, 194 F. Supp. 2d 659, 669 (E.D. Mich. 2002). Because a plea bargain is contractual in nature, it would violate established contract-law standards to permit a defendant to undermine the unambiguous terms of the plea agreement. See McAdoo v. Elo, 365 F.3d 487, 497 (6th Cir. 2004).

A clear reading of the plea agreement shows that there was no promise by the prosecutor or the trial court that Petitioner would receive a specific sentence. Ultimately, Petitioner has failed to demonstrate that the terms of the plea agreement were breached by the prosecutor or trial court. Myers, 159 F. Supp. 2d at 628. Because it is clear from the record that no promises were made that have not been kept, or that the plea bargain was breached, Petitioner is not entitled to habeas corpus relief on this claim. See Williams v. Anderson, 498 F. Supp. 151, 152 (E.D. Mich. 1980).

B. Sentencing Guidelines

Petitioner's second claim asserts that the Offense Variables were incorrectly scored for his sentencing guidelines, and he is therefore entitled to resentencing.

This claim lacks merit because the state court's interpretation and application of its

own sentencing laws and guidelines is a matter of state concern only, see Howard v. White, 76 F. App'x 52, 53 (6th Cir. 2003), and "federal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Consequently, the contention that the trial court incorrectly calculated the state sentencing guidelines is not cognizable on federal habeas corpus review. See Tironi v. Birkett, 252 F. App'x 724, 725 (6th Cir. 2007); McPhail v. Renico, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); Robinson v. Stegall, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). Petitioner's second claim therefore does not state a basis for granting habeas relief.

C. Claims Raised On State Collateral Review

Petitioner's remaining claims, concerning medical records purporting to show a lack of severe injury to the victim, a canceled polygraph test, and the effectiveness of his counsel, were raised for the first time in his motion for relief from judgment. The Court finds that these claims are procedurally defaulted because Petitioner has not demonstrated good cause for failing to have raised them during his direct appeal.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." See Coleman v. Thompson, 501 U.S. 722, 750-51 (1991). If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. See Smith v. Murray, 477 U.S. 527, 533 (1986). In an extraordinary case, however, where a constitutional error has probably resulted in the conviction of one who is actually

innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. See Murray v. Carrier, 477 U.S. 478, 479-80 (1986).

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom.

The Michigan Court of Appeals and the Michigan Supreme Court rejected Petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." These orders, however, did not refer to subsection (D)(3) nor did they mention Petitioner's failure to raise these claims on his direct appeal as their rationale for rejecting his post-conviction claims. Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. See Guilmette v. Howes, 624 F. 3d 286, 291 (6th Cir. 2010). This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of Petitioner's claims. Id.

The Jackson County Circuit Court judge rejected all of Petitioner's post-conviction review claims on the ground that Petitioner had failed to show good cause or prejudice, as required by M.C.R. 6.508(D)(3), for not raising these claims on his appeal of right. Order Denying Motion for Relief From Judgment, p. 2. Because the trial court judge denied Petitioner post-conviction relief based on the procedural grounds stated in M.C.R. 6.508(D)(3), Petitioner's post-conviction claims are clearly procedurally defaulted pursuant

to M.C.R. 6.508(D)(3). See Ivory v. Jackson, 509 F. 3d 284, 292-93 (6th Cir. 2007). The fact that the trial court may have also discussed the merits of petitioner's claims in addition to invoking the provisions of M.C.R. 6.508(D)(3) to reject petitioner's claims does not alter this analysis. See Alvarez v. Straub, 64 F. Supp. 2d at 695. A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. See McBee v. Abramajtys, 929 F. 2d 264, 267 (6th Cir. 1991). Petitioner's claims are therefore procedurally defaulted.

Petitioner alleges that his appellate counsel was ineffective for failing to raise these claims on his appeal of right. It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. See Jones v. Barnes, 463 U.S. 745, 751 (1983). The United States Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard.

Id. at 463 U.S. at 754.

Moreover, "[A] brief that raises every colorable issue runs the risk of burying good arguments-those that, in the words of the great advocate John W. Davis, 'go for the jugular,'-in a verbal mound made up of strong and weak contentions." Id. at 463 U.S. at 753 (citations omitted).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." United States v. Perry, 908

10

F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." Smith v. Murray, 477 U.S. at 536 (quoting Barnes, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." Monzo v. Edwards, 281 F. 3d 568, 579 (6th Cir. 2002).

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting the claims that he raised for the first time in his post-conviction motion for relief from judgment. Petitioner's appellate counsel filed a substantial brief, raising claims that still form Petitioner's lead issues. Petitioner has not shown that appellate counsel's strategy in presenting these claims and not raising other claims was deficient or unreasonable. Moreover, for the reasons stated by Respondent, none of the claims raised by Petitioner in his post-conviction motion have any merit. Because the defaulted claims are not "dead bang winners," Petitioner has failed to establish cause for his procedural default of failing to raise these claims on direct review. See McMeans v. Brigano, 228 F. 3d 674, 682-83 (6th Cir. 2000).

Because Petitioner has not demonstrated any cause for his procedural default, it is unnecessary to reach the prejudice issue regarding his procedurally defaulted claims. Smith, 477 U.S. at 533.3

Additionally, Petitioner has not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. See Schlup v. Delo, 513 U.S. 298, 326-27 (1995). "To be credible, [a claim of actual innocence] requires

petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." Id., at 324. The medical records Petitioner has attached to his petition do not demonstrate his innocence. Instead, they show that the victim had a tear to her hymen, that she told the treating nurse that Petitioner told her he had not reached her "cherry" yet, and that she was treated for possible sexually transmitted diseases. Because Petitioner has not presented any new reliable evidence that he is innocent of this crime, a miscarriage of justice will not occur if the Court declined to review petitioner's procedurally defaulted claims on the merits. See Mack v. Jones, 540 F. Supp. 2d 840, 847 (E.D. Mich. 2008). Petitioner is not entitled to habeas relief on his claims.

## IV. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473 (2000). The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. The Court will also deny Petitioner permission to proceed on appeal in forma pauperis because any appeal would be frivolous.

V. Conclusion

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.  The Court further **DENIES** a certificate of appealability, and **DENIES** permission to proceed on appeal in forma pauperis.

**SO ORDERED.**

s/Marianne O. Battani
Honorable Marianne O. Battani
United States District Judge

Dated: May 16, 2014

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served upon the Petitioner via ordinary U.S. Mail, and Counsel for the Respondent, electronically.

s/Bernadette M. Thebolt
Case Manager